UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEEN R. VANCLEAVE,

    Plaintiff,                                 CIVIL ACTION NO. 05-CV-60247-DT

   v.

                                           DISTRICT JUDGE JOHN CORBETT O'MEARA
                                           MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
  _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work prior to December 31, 1999, when her insured status expired.

\*   \*   \*

Plaintiff filed an application for Social Security disability insurance benefits on August 8, 2002, alleging that she had been disabled and unable to work since August 24, 1995, at age 34, due to fibromyalgia, nausea, headaches, irritability and dizziness. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on July 6, 2004, before Administrative Law Judge (ALJ) Karen Goheen. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of

sedentary work prior to December 31, 1999, when her insured status expired. The Law Judge found that the claimant was unable to perform work requiring repetitive bending at the waist. The ALJ determined that the claimant was further limited to simple, routine tasks due to a moderate limitation in maintaining attention and concentration for extended periods of time. The Law Judge also found that Plaintiff could occasionally lift up to 10 pounds, but could not do so on a regular basis. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 38 years old at the time her insured status expired. She had been graduated from high school and completed one year of college. The claimant had been employed as a waitress and legal secretary during the relevant past (TR 71-72, 253). As a legal secretary, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 66, 255).

Claimant stopped working in August 1995, after becoming pregnant (TR 255). She was unable to return to work after her pregnancy due to a flare-up of fibromyalgia that prevented her from handling objects and remaining on her feet for prolonged periods (TR 261). Plaintiff testified that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 264-265). Claimant explained that hand pain prevented her from putting on her shoes and socks without help from her husband (TR 265). She added that she had trouble performing household chores and grocery shopping, and had to lie down throughout the day to relieve her fatigue (TR 266, 269). Plaintiff spent her days at home performing

light household chores, but sometimes needed the assistance of her husband to do the cooking and dishwashing (TR 269).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as sedentary to light, semi-skilled activity, which impart some transferable skills (TR 281-282). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 284). If she were capable of sedentary work, there were numerous unskilled assembly, packaging, sorting and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 283). These jobs were primarily performed while in a seated position, but allowed for occasional standing to relieve any fatigue (TR 282). They involved performing simple, routine tasks consistent with a moderate limitation in maintaining attention and concentration for extended periods of time. These jobs were not fast paced, and did not require repetitive bending at the waist.
(TR 282).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of chronic pain syndrome, hypertension, obesity, irritable bowel disorder and anxiety, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's joint pain precluded her from performing jobs requiring prolonged sitting, standing or walking. The ALJ further found that Plaintiff was limited to simple, routine tasks due to a moderate limitation in maintaining attention and

---

[1] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 284).

**3**

concentration.  The identified jobs were not considered to be fast paced or to require lifting more than ten pounds on a regular basis.  The Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work within those limitations prior to December 31, 1999, when her insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2006).

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 1999, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled prior to December 31, 1999, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work that was not fast paced, and did not require the lifting of more than ten pounds on a regular basis. The medical evidence, as a whole, failed

to provide objective support for Plaintiff's allegations of severe and totally disabling pain prior to December 31, 1999, when her insured status expired.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes found in the record between August 1995, the alleged onset date of disability, and December 1999, document routine medical care for ailments such as cramps, pelvic pain and PMS (TR 118, 122, 124). She was also treated during the relevant period for muscle twitching, frequent headaches and marked fatigue (TR 101). A physical examination in May 1998, noted that Plaintiff had normal muscle tone, no joint swelling and intact sensation. An EKG demonstrated a normal sinus rhythm (TR 201).

Dr. Jolene Key reported in March 1999, that claimant had normal ranges of joint motion with no sign of any joint inflammation (TR 102). Two months later, Plaintiff was told by her doctors that her irritable bowel syndrome and joint tenderness would benefit from the use of sedatives, bulk supplements and anti-depressant medication (TR 110).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite allegations that she suffered from pain radiating throughout her body, the most significant problem noted by one treating physician in May 1999, was bloating, pressure and discomfort caused by irritable bowel syndrome (TR 110). The ALJ, however, reasonably accounted for claimant's periodic joint pain by restricting her to slow paced sedentary work that did not require lifting more than ten pounds on a regular basis. When evaluating Plaintiff's residual physical functional capacity,

the Law Judge also took into consideration the opinion of a state agency consultant, who reviewed the relevant medical evidence before concluding that the claimant could perform sedentary work without significant restrictions (TR 90-91).

Plaintiff relies heavily upon the fact that her treating physician, Dr. Dudley Roberts, found her incapable of performing gainful employment in July 2003 (TR 175-181). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of the treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Roberts offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[2]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work. Considering the possible side effects of medication and anxiety, the ALJ also determined that the claimant was limited to simple, routine tasks due to a moderate limitation in maintaining attention and

---

[2]Dr. Roberts' responses to the questionnaire posed to him by Plaintiff's counsel occurred almost four years after the expiration of insured status (TR 175-181). They clearly do not represent Dr. Roberts' opinion of claimant's condition prior to December 31, 1999. Thus, even if his opinion and the restrictions indicated were accurate as of July 2003, they are not probative as to whether the claimant was disabled as of December 1999.

**7**

concentration for extended periods of time (TR 22). There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to December 31, 1999, were not fully credible.

Contrary to Plaintiff's assertion, the ALJ did not fail to properly consider her obesity in her residual functional capacity evaluation. The medical record prior to December 1999, gives little indication that claimant's obesity caused any additional functional limitations that the Law Judge did not address. In fact, Dr. Key stated in March 1999, that Plaintiff's obesity was of recent onset (TR 102). The ALJ clearly gave considerable deference to claimant's statements about how long she could sit, stand and lift when assessing her residual capacity.

The Law Judge also did not fail to order a consultative psychiatric examination, as argued by Plaintiff's counsel. The claimant has never been referred for psychiatric treatment by her doctors, even after complaining of anxiety and occasional depression (TR 275-276). Since examining physicians did not find a compelling reason for a mental status evaluation, there was no reason for the Law Judge to do so on his own.

Plaintiff submitted additional medical evidence to the Appeals Council in support of her disability claim. In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council (TR 195-244) was

not considered by the undersigned.  Contrary to Plaintiff's assertion, the evidence submitted to the Appeals Council was not new nor material, so as to justify a remand for further administrative action[3]. Even though the newly submitted medical records pertained to the relevant period, they were merely cumulative to those considered by the Law Judge. There was nothing in those records to suggest that the ALJ would have come to a different disability conclusion if she had been presented with the evidence in the first place.  Since the newly submitted medical evidence was not material, remand under sentence six of the Social Security Act is inappropriate.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

---

[3]In order to satisfy the materiality requirement for a sentence six remand, Plaintiff must show that there was a reasonable probability that the ALJ would have reached a different conclusion on the issue of disability if she had been presented with the evidence prior to her decision.  Sizemore v. Secretary, 865 F.2d 709, 711 (6th Cir. 1988).

Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

```
                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE
```

DATED: June 14, 2006

_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 14, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 14, 2006.  **None.**

```
                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217
```